# EXHIBIT A



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

# Court of Common Pleas

**ANSWER OF...**
June 17, 2022 13:27

By: NICHOLAS ALEXANDER ADAIR 0096807

Confirmation Nbr. 2579591

| | |
|---|---|
| THE OHIO BELL TELEPHONE COMPANY | CV 22 963329 |
| vs. | |
| INFRASOURCE CONSTRUCTION, LLC | **Judge:** NANCY MARGARET RUSSO |

**Pages Filed:** 6

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| THE OHIO BELL TELEPHONE COMPANY,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>INFRASOURCE CONSTRUCTION, LLC.,<br><br>　　　　　　　　　　　Defendant. | CASE NO. CV 22 963329<br><br>JUDGE NANCY MARGARET RUSSO<br><br>**ANSWER OF DEFENDANT INFRASOURCE CONSTRUCTION, LLC TO PLAINTIFF'S COMPLAINT**<br><br>**JURY DEMAND ENDORSED HEREON** |

Now comes Defendant, Infrasource Construction, LLC (hereinafter "Answering Defendant"), by and through undersigned counsel, and for their answer to Plaintiff's Complaint states as follows:

**COMMON ALLEGATIONS**

1.　　This Answering Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.　　This Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint, and therefore denies same.

3.　　This Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint, and therefore denies same.

4.　　This Answering Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.　　This Answering Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. This Answering Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

## ANSWER TO COUNT I

### *Action for Negligence*

7. With respect to Paragraphs 1 through 6 of Plaintiff's Complaint, this Answering Defendant reavers each and every response, defense and/or denial previously set forth in its Answer herein, and incorporates the same as if fully rewritten herein.

8. This Answering Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. This Answering Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. This Answering Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

## ANSWER TO COUNT II

### *Action for Trespass*

11. With respect to Paragraphs 1 through 10 of Plaintiff's Complaint, this Answering Defendant reavers each and every response, defense and/or denial previously set forth in its Answer herein, and incorporates the same as if fully rewritten herein.

12. This Answering Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. This Answering Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. This Answering Defendant denies all allegations set forth in Plaintiff's Complaint that it does not expressly admit herein.

## AFFIRMATIVE DEFENSES

1. To the extent the evidence shows that Plaintiff failed to state a claim upon which relief can be granted then Plaintiff's claims should be barred and/or dismissed.

2. The claims are barred in whole or in part by the applicable statute of frauds.

3. The claims are barred by the doctrines of acquiescence, waiver, estoppel and ratification.

4. The claims are barred or must be reduced by Plaintiff's failure to mitigate damages.

5. The claims are barred by accord and satisfaction.

6. The claims are a result of Plaintiff's own negligence.

7. The claims are barred by the doctrine of unclean hands.

8. Plaintiff is seeking to recover more than Plaintiff is entitled to recover and an award of the judgment sought by Plaintiff would unjustly enrich Plaintiff.

9. Plaintiff's claims are barred by the applicable statute of limitations.

10. Plaintiff has failed to join necessary and indispensable parties to this Action.

11. This Answering Defendant asserts their right to the "empty chair" defense pursuant to R.C. 2307.23.

12. Defendant affirmatively alleges that service of process upon Defendant was improper and insufficient as a matter of law.

13. Defendant affirmatively alleges that they owed no duty to Plaintiff as a matter of law.

14. Plaintiff's claims are barred under the doctrine of intervening, superseding cause.

15. The damages allegedly sustained by Plaintiff were caused by the acts or omissions of persons and/or entities other than Defendant, and over whose conduct Defendant had no control, right to control, responsibility, or reason to anticipate.

16.     Plaintiff's claims are barred as Plaintiff assumed the risk, expressly, impliedly, primarily, secondarily, or otherwise incidental to the allegations set forth in Plaintiff's Complaint.

17.     Defendant affirmatively alleges to the extent payments have been made to Plaintiff or on Plaintiff's behalf for damages alleged, such payments must be set off against damages awarded herein.

18.     Defendant affirmatively alleges that the claims set forth in Plaintiff's Complaint are barred by the equitable doctrines of payment, release, and/or laches.

19.     Defendant affirmatively alleges that Plaintiff's Complaint is barred because Defendant did not create the issue complained of and/or did not have actual and/or constructive knowledge of the issue complained of.

20.     Defendant affirmatively alleges that they acted in good faith and exercised reasonable care at all relevant times.

21.     Defendant affirmatively alleges that Plaintiff has not suffered any injury or damage by reason of any act or omission of Defendant, and no act or omission by Defendant was the but for, proximate, or contributing cause of Plaintiff's alleged damages.

22.     Defendant affirmatively alleges that Plaintiff's claims are barred under the economic loss doctrine.

23.     Plaintiff lacks standing to pursue the claims asserted in the Complaint and therefore their claims are barred.

24.     Plaintiff is barred from maintaining this action based upon the doctrine of detrimental reliance.

25.     Plaintiff has not incurred any damages or injuries as a result of the allegations contained in Plaintiff's Complaint and therefore their claims are barred.

26. Insofar as this Answering Defendant did not authorize, ratify or otherwise approve any actionable conduct, Plaintiff is not entitled to the requested relief.

27. The successive tortfeasor rule bars Plaintiff's recovery against this Answering Defendant.

28. This Answering Defendant reserves the right to assert additional affirmative defenses as the result of ongoing discovery.

WHEREFORE, Defendant, Infrasource Construction, LLC, demands that Plaintiff's Complaint be dismissed with prejudice at Plaintiff's cost and for such further equitable relief deemed appropriate by this Court.

Respectfully submitted,

/s/ Nicholas A. Adair
Bradley A. Wright (47090)
bwright@ralaw.com
Nicholas A. Adair (96807)
nadair@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH  44308
Telephone:  330.376.2700
Facsimile:  330.376.4577

ATTORNEYS FOR DEFENDANT
INFRASOURCE CONSTRUCTION, LLC

## JURY DEMAND

This Answering Defendant hereby demands a trial by jury.

/s/ Nicholas A. Adair
One of the Attorneys for Defendants

## PROOF OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing has been served upon the following parties via the Court's electronic filing system this 17th day of June 2022, which sent electronic notice of such filing to the attorneys of record in this case.

William H. Hunt, Esq.
whh@huntlg.com
W. H. Hunt Legal Group, LLC
Center Ridge Road, Suite 170
Westlake, OH 44145
Telephone: 440.892.0400
Facsimile: 440.892.1966
ATTORNEY FOR PLAINTIFF

/s/ Nicholas A. Adair
One of the Attorneys for Defendants


124779746

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| THE OHIO BELL TELEPHONE COMPANY<br>    Plaintiff | Case No: CV-22-963329<br><br>Judge: NANCY MARGARET RUSSO |
| INFRASOURCE CONSTRUCTION, LLC<br>    Defendant | **JOURNAL ENTRY** |

CASE MGMNT CONFERENCE SET FOR 07/05/2022 AT 01:30 PM.
THIS CASE IS SET FOR A PRETRIAL/CASE MANAGEMENT CONFERENCE. COUNSEL FOR PLAINTIFF(S) SHALL INFORM ALL OPPOSING COUNSEL AND/OR PRO SE PARTIES OF THIS DATE AND TIME. COUNSEL FOR ALL PARTIES ARE REQUIRED TO BE PRESENT IN PERSON AND TO BE FAMILIAR WITH THE UNDERLYING FACTS OF THE CASE. PARTIES NOT REPRESENTED BY COUNSEL ARE ALSO REQUIRED TO BE PERSONALLY PRESENT. FAILURE OF ANY PARTYS COUNSEL OR PRO SE PARTY TO APPEAR AT ANY SCHEDULED EVENT DURING THE PENDENCY OF THIS CASE MAY RESULT IN DISMISSAL WITH PREJUDICE FOR FAILURE TO PROSECUTE AND/OR JUDGMENT BEING RENDERED.
IF A CONTINUANCE IS SOUGHT FOR ANY REASON, THE APPROPRIATE MOTION MUST BE FILED NO LESS THAN 7 DAYS BEFORE THE SCHEDULED EVENT, AND THE COURT PROVIDED WITH A COURTESY COPY ON THE DATE OF FILING.
DO NOT CALL THE COURT TO REQUEST A CONTINUANCE. NO CONSIDERATION WILL BE GIVEN TO REQUESTS NOT MADE IN WRITING, DOCKETED AND WITHIN THE TIMEFRAME ABOVE, ABSENT AN EMERGENCY.
THE COURT REQUIRES A COURTESY COPY OF ALL PLEADINGS IN EXCESS OF 5 PAGES, TO BE MAILED OR HAND-DELIVERED TO THE COURT. E-FILING DOES NOT CONSTITUTE A COURTESY COPY.
PLEADINGS 5 PAGES, OR LESS, IN LENGTH MAY BE FAXED TO THE COURT 216-348-4036. PLEADINGS OF 5 PAGES OR LESS THAT ARE E-FILED DO NOT NEED TO BE FAXED OR DELIVERED TO THE COURT.
PARTIES WISHING TO PERFECT SERVICE BY SPECIAL PROCESS SERVER IN ANY GIVEN CASE MUST FIRST FILE A SEPARATE MOTION TO APPOINT A SPECIAL PROCESS SERVER DIRECTLY WITH JUDGE NANCY MARGARET RUSSO. FAILURE TO OBTAIN THE EXPRESS PERMISSION OF JUDGE NANCY MARGARET RUSSO BEFORE ATTEMPTING SERVICE BY SPECIAL PROCESS SERVER MAY RESULT IN THE COURT STRIKING SUCH SERVICE ATTEMPTS. MOTIONS TO APPOINT SPECIAL PROCESS SERVERS MUST HAVE A PROPOSED ORDER ATTACHED TO THE MOTION FOR THE COURT'S REVIEW AND SIGNATURE. (THE PROPOSED ORDER SHOULD NOT BE FILED ON THE DOCKET, BUT IT MUST BE ATTACHED TO THE MOTION).

IN THE EVENT THE PT/CMC IS CONVERTED TO A PHONE PT/CMC, THE PARTIES ARE REQUIRED TO CALL THE COURT AT THE SCHEDULED TIME.  FAILURE TO TIMELY CONTACT THE COURT MAY RESULT IN SANCTIONS, INCLUDING DISMISSAL.

FAILURE TO COMPLY WITH ANY PORTION OF THE COURTS STANDING ORDERS, INCLUDING THIS ORDER, MAY RESULT IN A DISMISSAL WITHOUT PREJUDICE, JUDGMENT OR OTHER SANCTIONS.

PARTIES ARE TO ABIDE BY THE COURTS STANDING ORDERS CONTAINED HEREIN AND LOCATED AT:
HTTPS://CP.CUYAHOGACOUNTY.US/COURT-RESOURCES/JUDGES/JUDGE-NANCY-MARGARET-RUSSO/

*Nancy Margaret Russo*

Judge Signature        06/10/2022

06/10/2022

RECEIVED FOR FILING
06/10/2022 17:30:10
NAILAH K. BYRD, CLERK

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

<u>THE OHIO BELL TELEPHONE COMPANY</u>
Plaintiff

V.

<u>INFRASOURCE CONSTRUCTION, LLC</u>
Defendant

**CASE NO.** CV22963329

**JUDGE** NANCY MARGARET RUSSO

# SUMMONS   SUMC  CM

**Notice ID:** 47545657

| From: | THE OHIO BELL TELEPHONE COMPANY        P1 |
|       | 6889 WEST SNOWVILLE ROAD |
|       | BRECKSVILLE OH 44141 |

| Atty.: | WILLIAM H HUNT |
|        | 24500 CENTER RIDGE ROAD |
|        | SUITE 170 |
|        | WESTLAKE, OH 44145-0000 |

| To: | INFRASOURCE CONSTRUCTION, LLC        D1 |
|     | CO CORPORATION SERVICE COMPANY |
|     | 50 WEST BROAD STREET SUITE 1330 |
|     | COLUMBUS OH 43215 |

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff. You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

Date Sent: 05/13/2022

By_____
**Deputy**

CMSN130

![USPS Logo]

Date Produced: 05/30/2022

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3546 6601 36. Our records indicate that this item was delivered on 05/23/2022 at 10:51 a.m. in COLUMBUS, OH 43221. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number:
CV22063329 247545657 / INFRASOURCE CONSTRUCTION LLC 2022-6-1 05:07 Case CV22963329
Sent To: CO CORPORATION SERVICE COMPANY 50 WEST BROAD STREET SUITE 1330 COLUMBUS, OH 43215



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

# Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
May 11, 2022 16:21

By: WILLIAM H. HUNT 0008847

Confirmation Nbr. 2548202

| | |
|---|---|
| THE OHIO BELL TELEPHONE COMPANY | CV 22 963329 |
| vs. | |
| INFRASOURCE CONSTRUCTION, LLC | **Judge:** NANCY MARGARET RUSSO |

**Pages Filed:** 5

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| THE OHIO BELL TELEPHONE COMPANY, <br> 6889 West Snowville Road <br> Brecksville, Ohio 44141, <br><br> Plaintiff, <br><br> v. <br><br> INFRASOURCE CONSTRUCTION, LLC <br> c/o Corporation Service Company <br> 50 West Broad Street <br> Suite 1330 <br> Columbus, Ohio 43215 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. <br><br> Judge <br><br> **COMPLAINT** |

Now comes THE OHIO BELL TELEPHONE COMPANY, Plaintiff herein, by and through counsel, and for its Complaint states as follows:

COMMON ALLEGATIONS

1. Plaintiff is a corporation organized under the laws of the state of Ohio and doing business under the registered trade name "AT&T Ohio."

2. Plaintiff is a public utility and telephone company within the meaning of Ohio Rev. Code §§3781.25(C), 4905.02 and 4905.03(A)(2) and is authorized to operate as a public utility within its service territory within the State of Ohio.

- 2 -

3. In providing telecommunications services Plaintiff owns certain real property fixtures, i.e., conduits, cables and other telephone facilities buried underground throughout the state and specifically in Cuyahoga County, Ohio and such real property fixtures are "underground utility facilities" as defined by Ohio Rev. Code §3781.25(B).

4. Upon information and belief, Defendant INFRASOURCE CONSTRUCTION, LLC ("INFRASOURCE") is an OHIO limited liability company with offices in Columbia Station, OHIO and, *inter alia*, is engaged in the business of construction and/or excavation.

5. On or about April 15, 2020, hereinafter, "Damage Date," Defendant INFRASOURCE was engaged in an excavation/construction project in the vicinity of 5739 Broadview Road, Parma, Ohio, hereinafter, the "Damage Location."

6. At all times relevant herein, the project at the Damage Location was an "excavation" as defined by Ohio Rev. Code §3781.25(I) and Defendant INFRASOURCE was acting as an "excavator" as defined by Ohio Rev. Code §3781.25(K).

<u>COUNT I</u>

*Action for Negligence*

7. Plaintiff reavers the allegations of Paragraphs 1 through 6 inclusive the same as if fully rewritten herein.

8. On or about the Damage Date, at or near the Damage Location in Cuyahoga County, Ohio; Defendant Infrasource negligently and carelessly damaged Plaintiff's real property fixture at such location.

9. Specifically, Defendant Infrasource negligently failed to maintain reasonable clearance between Plaintiff's underground utility facilities and the cutting edge or point of powered equipment; failed to preserve and protect the markings of the tolerance zone

- 3 -

of Plaintiff's underground facilities; when approaching and excavating within the tolerance zone failed to require an individual other than the equipment operator to visually monitor the excavation for any indication of Plaintiff's underground facilities; failed to conduct the excavation within the tolerance zone of Plaintiff's underground facilities in a careful, prudent and nondestructive manner in order to prevent damage, in breach of the common law standard of care for excavators and the requirements of Ohio Rev. Code §3781.25, *et seq.* and Ohio Rev. Code §153.64.  Further, while using trenchless excavation methods, the Defendant failed to expose and confirm Plaintiff's underground facilities at each crossing point in a nondestructive manner to the installation depth of its work; failed to expose all parallel underground facilities of Plaintiff as required by Ohio Rev. Code §3781.30(B)(2) and failed to ensure that the final installation of Defendant's project maintained the proper clearances of Plaintiff's facilities as determined pursuant to Ohio Rev. Code §3781.27(E)(4).

10.  As the direct and proximate result of Defendant's negligence and breach of the applicable statutes, Plaintiff has suffered damages in the amount of $117,317.22; such amount representing the reasonable cost of restoration of Plaintiff's facilities plus the reasonable value of the loss of use of such property between the time of the damage and the completion of the restoration.

COUNT II

*Action for Trespass*

11.  Plaintiff reavers the allegations of Paragraphs 1 through 10 inclusive the same as if fully rewritten herein.

- 4 -

12. On or about Damage Date Defendant, trespassed upon Plaintiff's underground utility facilities in Cuyahoga County, Ohio thereby depriving Plaintiff of its quiet and peaceable possession, enjoyment and use of its rights in said real property.

13. As the direct and proximate result of Defendants' trespass, Plaintiff has suffered damages in the amount of $117,317.22; such amount representing the reasonable cost of restoration of Plaintiff's underground utility facilities plus the reasonable value of the loss of use of such property between the time of the damage and the completion of the restoration.

WHEREFORE, Plaintiff prays judgment against Defendant for compensatory damages in an amount in excess of $25,000, and its costs as otherwise permitted by law and adjudged by the Court.

Respectfully submitted,

*/s/ William H. Hunt*
William H. Hunt (0008847)

Attorney for Plaintiff
THE OHIO BELL TELEPHONE COMPANY

**W. H. Hunt Legal Group, LLC** 24500 Center Ridge Road, Suite 170
Westlake, OH  44145
Telephone:  440-892-0400
Facsimile:   440-892-1966
Email:  whh@huntlg.com

**TO THE CLERK:**

Please serve the above captioned Defendant(s) by certified mail, as provided for by Ohio Civil Rule 4.1, *et seq.*

*/s/ William H. Hunt*
William H. Hunt

24-202005-42-0200